# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

**PAUL WILKES,**
Plaintiff,

v.

**BLAKE R. HILLS, MELISSA STIRBA, GREG JOHNSON, CARRIE COCHRAN, JOHN DOE** (in their individual capacities as members of the Utah Board of Pardons and Parole), and **SHAMRAE ANDERSON** (in her individual capacity as administrator with the Utah Office for Victims of Crime), Defendants.

Case No. _____

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
 (42 U.S.C. § 1983, State Law Claims)

**JURY TRIAL DEMANDED**

**INTRODUCTION**

1. This is a civil rights action under 42 U.S.C. § 1983 to redress violations of Plaintiff Paul Wilkes' clearly established procedural and substantive due process rights under the Fourteenth Amendment.

2. In 2021, while on parole, Defendants imposed a $1,500 restitution obligation that was not part of Plaintiff's sentence, had already been satisfied, and was never adjudicated — depriving him of property without notice or a meaningful opportunity to be heard.

3. Plaintiff also asserts state law claims for conversion and unjust enrichment arising from Defendants' wrongful retention of funds.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), and 42 U.S.C. § 1983.

5. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in Utah and the events occurred in this District.

7. Plaintiff pursued available state remedies, including a Utah Rule 65B petition, which did not provide full or adequate relief. No state judgment bars this action, and federal jurisdiction is proper.

**PARTIES**

8. Plaintiff Paul Wilkes is a Utah resident.

9. Defendants Hills, Stirba, Johnson, Cochran, and John Doe were members of the Utah Board of Pardons and Parole ("BOPP") in 2021.

10. Defendant Anderson was an administrator at the Utah Office for Victims of Crime ("UOVC") and directly handled Plaintiff's restitution claim.

11. At all times, Defendants acted under color of state law in their official roles with BOPP and UOVC.

12. All Defendants are sued in their individual capacities.

**FACTUAL ALLEGATIONS**

**Original Restitution Order and Payment (2019)**

13. On February 5, 2019, the court ordered Plaintiff to pay $840 in restitution.

14. Plaintiff's attorney attempted to pay immediately, but the clerk refused payment because restitution was automatically referred to the Office of State Debt Collection (OSDC).

15. On November 13, 2019, Plaintiff's counsel paid $840 directly to UOVC, which UOVC accepted, satisfying the obligation.

16. Plaintiff informed the Board of Pardons and Parole of the payment to UOVC and provided proof during a special attention review hearing in November 2019, well before February 2021, demonstrating that BOPP had actual knowledge of full payment.

**Defendants' Misconduct (2021)**

17. Despite this payment, UOVC and BOPP continued to treat the $840 as unsettled.

18. On February 23, 2021, BOPP purported to convert *court-ordered restitution* into a civil judgment, something it lacked lawful authority to do because the restitution had already been paid in full.

19. On September 8, 2021, Defendant Cochran required Plaintiff to sign a revised parole agreement containing a new $1,500 restitution obligation.

20. Plaintiff received no written notice, no hearing, and no opportunity to contest.

**Payments Under Protest (2021)**

21. Plaintiff filed written and verbal objections, all denied.

22. On November 17, 2021, he paid $1,670.43 under protest.

23. On December 14, 2021, he paid $90 under protest.

24. Plaintiff made these payments only to avoid parole revocation and reincarceration.

**Aftermath and Ongoing Harm (2021–2025)**

25. Plaintiff completed parole, but requests for early termination were denied.

26. On February 11, 2025, BOPP vacated the $1,500 restitution order.

27. The vacatur letter was mailed March 11, 2025, and received by Plaintiff on July 28, 2025.

28. Defendants have not refunded the $1,500 plus interest.

29. Plaintiff has suffered financial loss, reputational harm, emotional distress, and loss of employment opportunities.

**CLAIMS FOR RELIEF**

**Count I – Procedural Due Process (42 U.S.C. § 1983)**

30. Plaintiff incorporates paragraphs 1–29.

31. Defendants deprived Plaintiff of a protected property interest without notice or hearing, in violation of clearly established law.

32. Authority: *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985); *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Powell v. Mikulecky*, 891 F.2d 1454 (10th Cir. 1989).

**Count II – Substantive Due Process (42 U.S.C. § 1983)**

33. Defendants had actual knowledge that Plaintiff fully satisfied his restitution obligation in November 2019, when Plaintiff provided proof of payment during a special attention review hearing.

34. Despite this knowledge, in 2021 Defendants concealed the payment and fabricated a new $1,500 restitution obligation as a condition of Plaintiff's parole, imposing it under threat of revocation and reincarceration.

35. This conduct went far beyond negligence or error. It was deliberate, punitive, and undertaken without any lawful basis. Defendants' actions were arbitrary, irrational, and conscience-shocking, and demonstrated deliberate indifference to Plaintiff's clearly established constitutional rights.

**Count III – Conversion (Utah Law)**

36. Defendants wrongfully exercised dominion and control over Plaintiff's funds by requiring payment of restitution that had already been satisfied. As a result, Plaintiff suffered financial loss of at least $1,590 in principal restitution, plus $170.43 in associated fees, for a total of $1,760.43, together with interest.

**Count IV – Unjust Enrichment (Utah Law)**

37. Defendants were unjustly enriched by retaining Plaintiff's funds, which were paid under duress and without lawful basis. Plaintiff suffered financial loss of at least $1,760.43, representing $1,590 in principal restitution plus $170.43 in fees, together with interest.

**RELIEF REQUESTED**

Plaintiff seeks:

a. Compensatory damages;

b. Punitive damages;

c. Nominal damages;

d. Refund of $1,760.43 plus interest;

e. Declaratory relief confirming that Plaintiff's restitution obligation was fully satisfied in 2019, and requiring correction of BOPP and UOVC records to prevent further reliance on the vacated order. Such relief is necessary to prevent any continuing prejudice to Plaintiff's rights, reputation, or opportunities.

f. Attorney's fees and costs under 42 U.S.C. § 1988;

g. Prejudgment and post-judgment interest;

h. All other relief the Court deems just.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

**DATED: August 26 , 2025**

Respectfully submitted,

/s/ Sauve Sonkey
Sauve Sonkey, Esq. (Utah Bar No. 20025)
The Law Office of S. Sonkey, PLLC
280 Merchants Dr, P.O. Box 396
Dallas, GA 30132
Tel: (801) 251-6515

Email: ssonkey@sonkeylaw.com
Attorney for Plaintiff

8/26/2025